# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy J. Taylor
    Petitioner,

vs.

Case No. 1:07cv860
(Spiegel, S.J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Ross Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court for ruling on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Doc. 13), and petitioner's "traverse" in reply to the return of writ (Doc. 14).

### Procedural Background

On August 8, 1996, the Highland County, Ohio, grand jury returned a four-count indictment charging petitioner with murder in violation of Ohio Rev. Code §

2903.02(A) (Count One); abuse of a corpse in violation of Ohio Rev. Code §
2927.01(B) (Count Two); tampering with evidence in violation of Ohio Rev. Code §
2921.12(A)(1) (Count Three); and theft in violation of Ohio Rev. Code §
2913.02(A)(1) (Count Four).[1] (Doc. 13, Ex. 1).

On January 17, 1997, petitioner entered a guilty plea to a reduced charge of involuntary manslaughter, as well as to the abuse of corpse, tampering with evidence and theft counts. (*Id.,* Ex. 2). In a Plea Entry filed on February 7, 1997, the court stated that the parties' negotiated plea bargain included the following agreement between the State and petitioner regarding petitioner's sentence:

[T]he State and defendant would both agree:

1. To stipulate and agree that the sentence in this case to be imposed will be, as to

>    COUNT ONE: 10 years;
>    COUNT TWO: one year;
>    COUNT THREE: four years[;] and
>    COUNT FOUR: one year;

all of which shall run consecutively to one another, for a total of 16 years, and all shall run consecutively to any sentence imposed upon the defendant herein in Clermont County, Ohio.

(*Id.,* Ex. 3).

The Plea Entry further provided:

In addition, the Clermont County Prosecuting Attorney's Office has agreed to accept the defendant's plea of guilty to one of the second degree felony charges currently pending against the defendant in Clermont County, Ohio, and to recommend, stipulate and agree to a sentence of five years, to run consecutively to the sentences imposed

---

[1] A co-defendant, Kenneth Dunaway, was indicted with petitioner on the charges contained in Counts Two through Four. (*See* Doc. 13, Ex. 1).

upon the defendant in Highland County, Ohio, for a total between the two counties of 21 years.

It was further agreed by the parties hereto that if the Clermont County Prosecuting Attorney's Office should determine it would not recommend a sentence of five years, nor accept a guilty plea to only one charge, then this would be a basis for the defendant's withdrawal of his guilty pleas under this agreement.

(*Id.*).

On February 25, 1997, petitioner was sentenced in accordance with the terms of the plea agreement to consecutive terms of imprisonment totaling sixteen (16) years, to be served consecutively to an additional five (5) year prison sentence that apparently was imposed in a separate case by the Clermont County Common Pleas Court upon petitioner's entry of a guilty plea to aggravated arson. (*See id.*, Brief, p. 2 & n.3; Ex. 4; Ex. 5, p. 1; Ex. 9, p. 5). Respondent states in the return of writ that petitioner did not pursue an appeal from his Highland County conviction or sentence, which is the subject of the instant federal habeas corpus petition. (*See id.*, Brief, p. 2).

Indeed, petitioner took no action to challenge his Highland County conviction or sentence until over nine years later, when on March 17, 2006, he filed a *pro se* petition for post-conviction relief with the Highland County Common Pleas Court. In the petition, petitioner challenged his sentence and requested that he be re-sentenced to concurrent terms of imprisonment in light of the Ohio Supreme Court's decision in *State v. Foster*, 845 N.E.2d 470 (Ohio 2006), which held that certain provisions of Ohio's sentencing statutes were unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). (*See id.*, Ex. 5). On April 26, 2006, the common pleas court denied the petition without opinion. (*Id.*, Ex. 8).

Petitioner timely appealed to the Ohio Court of Appeals, Fourth Appellate District. In his *pro se* appellate brief, petitioner presented the following claim as the sole assignment of error:

The court erred by denying the defendant[']s petition when the defendant proved that post conviction was the proper remedy, petition was timely filed, and defendant presented proved grounds of sentence being contrary

3

to law and a due process violation, and [] such denial creates inequity which constituted manifest injustice.

(*Id.,* Ex. 9).

On March 13, 2007, the Ohio Court of Appeals dismissed the appeal for lack of jurisdiction because petitioner's post-conviction petition was not timely filed. (*See id.,* Ex. 12). The court reasoned in pertinent part:

> The post-conviction relief statute, R.C. 2953.21, provides a remedy for a collateral attack upon judgments of conviction claimed to be void or voidable under the United States or the Ohio Constitution. . . . Where the petitioner has not taken a direct appeal, the statute requires the filing of the petition no later than one hundred eighty days after the expiration of the time for filing the appeal. R.C. 2953.21[(A)](2).

> The trial court accepted [petitioner's] guilty pleas on January 17, 1997. Under App.R. 3, [petitioner] was required to file his notice of appeal within thirty days of the trial court's judgment entry. After the thirty days elapsed without [petitioner] filing an appeal, he had an additional 180 days to file a petition for post-conviction relief under R.C. 2953.21[(A)](2). Clearly, [petitioner's] time for filing a petition for post-conviction relief expired sometime in 1997.

> R.C. 2953.2[3] does provide three exceptions to the 180 day time frame for seeking post-conviction relief. The first exception involves newly discovered evidence. R.C. 2953.23(A)(1)(a). The second exception may apply when the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in petitioner's situation. *Id.* Under both these exceptions, the petitioner must also demonstrate by clear and convincing evidence, that but for the alleged constitutional error at trial, the petitioner would not have been found guilty of the offense for which he or she was convicted. R.C. 2953.23(A)(1)(b). The third exception occurs when DNA testing demonstrates, by clear and convincing evidence, the actual innocence of a petitioner. R.C. 2953.23(A)(2).

4

Here, [petitioner] has not raised a claim involving newly discovered evidence or DNA testing. Therefore, the first and third exceptions are not applicable. [Petitioner] asserts solely that he is entitled to post-conviction relief under *Foster*. However, *Foster* limited the retroactivity of its holding to cases that were pending on direct review at the time of its release. Thus, it does not apply to an untimely petition for post-conviction relief. . . . Therefore, [petitioner] has failed to show that he is entitled to post-conviction relief under any of the three exceptions [to the 180-day filing requirement].

(*Id.*, pp. 2-4).

Petitioner timely appealed to the Ohio Supreme Court. In his *pro se* memorandum in support of jurisdiction, petitioner asserted five propositions of law:

1. . . .*Foster* is a retroactive ruling that applies to all defendant[]s sentenced using statutes found unconstitutional.

2. Appellant[']s sentence is unconstitutional pursuant to the Ohio Supreme Court[']s ruling in . . . *Foster* as unconstitutional statutes were used to impose appellant[']s sentence.

3. . . . [C]oncurrent sentences only are authorized upon appellant under Ohio Revised Code.

4. Post conviction is the appropriate remedy by which to address unconstitutional sentencing issue after the time limit to file appeal has expired.

5. Denial of post conviction remedy would create a total bar to court access to address constitutional sentencing violations pursuant to . . . *Foster,* in violation of Ohio Constitution Art. I Sec. 16, and United States Constitution V, VI and XIV guarante[e]d open access to the courts, due process, and equal protection under the law.

(*Id.*, Ex . 13).

5

On August 29, 2007, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 14).

The instant federal habeas corpus petition, which petitioner declares was placed in the prison mailing system on October 10, 2007, was stamped as "filed" on October 15, 2007. (Doc. 1, pp. 1, 15). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Absent evidence to the contrary, it appears the petition was delivered to prison authorities for mailing and thus "filed" on October 10, 2007.

In the petition, petitioner presents five grounds for relief:

**Ground One:** Petitioner[']s sentence is unconstitutional as proven by the ruling[]s handed down in *Blakely* . . . and . . . *Foster*, which found portions of Ohio[]'s sentencing statutes violated the VI, and XIV Amendment[]s of the U.S. Constitution; the petitioner's sentence is void or voidable as in Ohio a statute is severed from th[e] date of enactment, not from the date of the ruling in which the severance was ordered.

**Ground Two:** Only concurrent sentences are authorized to be imposed upon petitioner under Ohio Revised Code. As the consecutive sentence statute violated *Blakely*, therefore violating due process under the XIV Amendment of the U.S. Constitution.

**Ground Three:** The Ohio Supreme Court[']s ruling in . . . *Foster* is a substantive ruling . . . and is therefore a ret[r]oactive ruling that applies to petitioner who was sentenced using statutes that were found to be unconstitutional.

**Ground Four:** Post-conviction relief was the appropriate and exclusive remedy by which to address petitioner[']s unconstitutional sentence once the time for appeal had expired.

6

**Ground Five:** As petitioner has served over eleven (11) years, when the maximum concurrent sentence which could be imposed by Ohio law is ten years upon him[,] petitioner is entitled to immediate release.

(Doc. 1, "Memorandum of Law in Support of Petition").

In response to the petition, respondent contends in the return of writ that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 13, pp. 5-8). Alternatively, respondent argues that petitioner has waived his claims for relief as a result of his procedural default in failing to file a timely post-conviction petition with the Highland County Common Pleas Court. (*Id.,* pp. 10-12). Finally, respondent asserts that petitioner is not entitled to relief based on the merits of his claims. (*Id.,* pp. 13-18). Petitioner has filed a "traverse" brief in reply to respondent's arguments. (Doc. 14).

## OPINION

### A. Grounds One Through Three And Five Are Barred From Review By The Applicable One-Year Statute Of Limitations Set Forth In 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

7

In this case, the Court must first determine which limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief.

In Ground Four of the petition, petitioner essentially alleges that the state courts improperly refused to consider the merits of his *Foster* claim in denying his petition for post-conviction relief filed on March 17, 2006. This claim accrued years after petitioner's conviction and sentence became final in 1997, and therefore is governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D), which provides that the statute begins to run from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. The factual predicate of petitioner's claim was discoverable when the Ohio Supreme Court issued the final entry on August 29, 2007 denying petitioner leave to appeal the Ohio Court of Appeals' March 13, 2007 decision to dismiss petitioner's appeal on the ground that the court lacked jurisdiction to consider the untimely-filed post-conviction petition. (*See* Doc. 13, Exs. 12, 14). Because the instant petition was filed in October 2007, within two months after the post-conviction proceedings concluded, the claim alleged in Ground Four is not time-barred.

In the remaining claims alleged in Grounds One through Three and Five of the petition, petitioner essentially challenges the constitutionality of the consecutive sentences that were imposed by the Highland County Common Pleas Court in February 1997 in accordance with the terms of the parties' plea agreement. (*See id.*, Exs. 3-4). Respondent contends that these claims accrued before petitioner's conviction became "final" by the conclusion of direct review or expiration of time for seeking such review; therefore, it is respondent's position that the statute of limitations set forth in § 2244(d)(1)(A) applies, which began to run in March 1997 when the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's February 1997 final judgment entry. (*See* Doc. 13, Brief, pp. 5-6). In contrast, petitioner argues in his "traverse" brief that the claims arose much later, after *Foster* was decided on February 27, 2006, and therefore either § 2244(d)(1)(C) or (D) applies to delay the commencement of the limitations period.[2] (*See* Doc. 14, pp. 4-6).

---

[2] It is noted that no facts have been alleged even remotely suggesting that the claims alleged in Grounds One through Three and Five may be governed by 28 U.S.C. § 2244(d)(1)(B), which is applicable to cases involving an impediment to filing created by state action in violation of the Constitution or laws of the United States. Therefore, the undersigned concludes that § 2244(d)(1)(B) does not apply to the case-at-hand.

8

First, the Court concludes that § 2244(d)(1)(D) does not govern petitioner's claims challenging his sentence under *Foster* and the Supreme Court's *Blakely/Booker* decisions. Petitioner does not contend that he was unaware at the time of sentencing that the trial court was imposing non-presumptive consecutive prison terms for the various criminal offenses. Indeed, the parties jointly agreed in advance of sentencing to the exact sentence that was imposed in this case. Therefore, the factual predicate underlying the claims alleged in Grounds One through Three and Five of the petition was discoverable in the exercise of due diligence at the time petitioner was sentenced to the consecutive prison terms specified in his plea agreement with the State.

Second, for the limitations provision set forth in § 2244(d)(1)(C) to apply, it must be established that the legal basis for petitioner's claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." As discussed above, petitioner essentially alleges that the consecutive terms of imprisonment imposed by the trial court in this case are unconstitutional under the Supreme Court's decisions in *Blakely* and *Booker* in light of the Ohio Supreme Court's *Foster* decision.

As also discussed above, petitioner's conviction and sentence became "final" in March 1997, years before the Supreme Court decided *Blakely* on June 24, 2004, followed by *Booker* on January 12, 2005. It is well-settled in the Sixth Circuit that neither *Blakely* nor *Booker* may be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or expiration of time for seeking such review.[3] *See, e.g., United States v. Saikaly*, 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005); *Spiridigliozzi v. United States*, 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *cf. Allen v. Moore*, 1:05cv731, 2007 WL 651248, at *4 & n.1 (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (noting that *Blakely* applied in case where the petitioner was sentenced

---

[3]The Supreme Court has stated: "State convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *Beard v. Banks*, 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994)); *see also Allen v. Moore*, 1:05cv731, 2007 WL 651248, at *4 n.1 (S.D. Ohio Feb. 23, 2007) (unpublished).

9

pre-*Blakely*, but his direct appeal was still pending on the date *Blakely* was decided).[4]

In addition, petitioner cannot rely upon *Foster* to delay the limitations period under § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, contrary to petitioner's contention in his "traverse" brief (*see* Doc. 14, p. 3), the Ohio Supreme Court expressly limited the retroactive application of *Foster* to those cases still pending on direct review. *See Foster*, 845 N.E.2d at 499. Because the appeal period expired in this case nearly nine years before *Foster* was decided, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to him.

Accordingly, the Court concludes, as respondent has contended, that the claims alleged in Grounds One through Three and Five are governed by the limitations provision set forth in § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.

In this case, the statute of limitations commenced running on March 28, 1997, one day after the 30-day period expired in which to file an appeal as of right to the Ohio Court of Appeals from the trial court's February 25, 1997 final judgment entry.

---

[4]Petitioner also cannot rely on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was the seminal case extended by the Supreme Court in *Blakely* and *Booker*, holding that the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury, taken together, entitle a criminal defendant to a jury determination that the defendant is guilty beyond a reasonable doubt of any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum. *Apprendi* was decided in June 2000, over three years after petitioner's conviction and sentence became final in March 1997. The Sixth Circuit has held in accord with a majority of other circuit courts that *Apprendi* announced a "new" constitutional rule which, like *Blakely* and *Booker*, may not apply retroactively to cases on collateral review after the conviction and sentence have become final. *See, e.g. Goode v. United States*, 305 F.3d 378, 382-85 (6th Cir.) (and 11th, 8th, 4th and 9th Cir. cases cited therein) (involving 28 U.S.C. § 2255 challenge to federal sentence), *cert. denied*, 537 U.S. 1096 (2002); *see also Regalado v. United States*, 334 F.3d 520, 526-27 (6th Cir.), *cert. denied*, 540 U.S. 1024 (2003); *Reynolds v. Cambra*, 290 F.3d 1029, 1030 (9th Cir. 2002) (involving § 2254 petition); *cf. Harris v. United States*, 536 U.S. 545, 581 (2002) (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect.").

*See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute expired one year later on March 28, 1998 unless statutory or equitable tolling principles apply to extend the limitations period.

During this one-year period, petitioner was entitled to the benefits of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998). The tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259; *cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Here, petitioner did nothing to challenge his conviction or sentence in the state courts until he filed his state post-conviction petition in March 2006, nearly eight years after the statute of limitations expired in March 1998. The post-conviction petition, therefore, did not serve to toll the limitations period under § 2244(d)(2).

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap*.

Accordingly, in sum, the Court concludes that the claim alleged in Ground Four of the petition, regarding errors allegedly committed in the state post-conviction proceedings, is not time-barred. In contrast, the claims alleged in Grounds One through Three and Five of the petition challenging petitioner's sentence are time-barred. Under § 2244(d)(1)(A), the statute of limitations commenced running on March 28, 1997 and expired on March 28, 1998; neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to extend the limitations period in this case *Cf. Savage v. Moore,* No. 1:06cv2963, 2008 WL 341349 (N.D. Ohio Feb. 5, 2008) (unpublished) (reaching same conclusion in analogous case); *Ratliff v. Jefferys,* No. 3:06cv1931, 2007 WL 4248173 (N.D. Ohio Nov. 30, 2007) (unpublished) (same); *Winters v. Warden, Noble Corr. Instit.,* No. 1:06cv428, 2007 WL 2733995 (S.D. Ohio Sept. 13, 2007) (Dlott, J.) (unpublished) (same); *Wilson v. Wolfe,* No. 1:06cv542, 2007 WL 2446582 (S.D. Ohio Aug. 23, 2007) (Beckwith, J.) (unpublished) (same).

## B. Petitioner Is Not Entitled To Relief Based On The Claim Alleged In Ground Four Challenging the State Courts' Refusal To Address The Merits Of The *Foster* Claim Raised In His Post-Conviction Petition

In Ground Four of the petition, petitioner essentially contends that the state courts improperly refused to address the "unconstitutional sentencing issue" that he raised in his state post-conviction petition; petititioner claims that the issue should have been considered on the merits because post-conviction relief was the "appropriate and exclusive remedy . . . once the time for appeal had expired." (Doc. 1, "Memorandum of Law in Support of Petition").

Petitioner's claim is not cognizible in this federal habeas proceeding. The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings which address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986); *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007) (and cases cited therein); *Cotton v. McKee,* No. 07-10291-BC, 2008 WL 4647691, at *9 (E.D. Mich. Oct. 20, 2008) (unpublished) (and cases cited therein). Petitioner's allegation of error is such a "collateral matter," because it does not affect or relate to petitioner's underlying conviction and sentence. *Cf. Snitzky v. Beightler,* No. 1:07cv240, 2008 WL 974047, at *8 (N.D. Ohio Apr. 8, 2008) (unpublished) (holding that petitioner's claim that he was denied due process and access to the courts stemming from the denial on timeliness grounds of his appeal in state habeas, collateral review proceeding was not a cognizable ground for relief).

Accordingly, petitioner is not entitled to habeas relief based on the claim alleged in Ground Four of the petition challenging the state courts' refusal to address the merits of petitioner's *Foster* claim in denying post-conviction relief in this case.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claim alleged in Ground Four of the petition challenging the state courts' disposition of petitioner's state post-conviction petition, because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability also should not issue with respect to the claims alleged in Grounds One through Three and Five of the petition challenging petitioner's sentence, which this Court has concluded are barred from review on procedural statute of limitations grounds; under the applicable two-part standard enunciated in *Slack*, 529 U.S. at 484-85, "jurists of reason" would not "find it debatable whether this Court is correct in its procedural ruling" or whether the time-barred grounds for relief state a "viable claim of the denial of a constitutional right" given that neither the *Apprendi-Blakely-Booker* line of cases nor *Foster* are retroactively applicable to the case-at-hand.[5] *See also* 28 U.S.C. § 2253(c); Fed. R.

---

[5]It is further noted that petitioner is unable to prevail on any claim challenging the constitutionality of his sentence under pre-*Apprendi* case-law. Indeed, before *Apprendi* was decided, a contrary line of cases had developed from a statement made by the Supreme Court in *McMillan v. Pennsylvania*, 477 U.S. 79, 93 (1986), that "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact."

In any event, petitioner's agreed-to sentence is not subject to constitutional challenge under the *Apprendi-Blakely-Booker* line of cases or *Foster*. Ohio Rev. Code § 2953.08(D), which the *Foster* court did not strike down as unconstitutional, provides that a "sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See Rockwell v. Hudson*, No. 5:06cv391, 2007 WL 892985, at *6 (N.D. Ohio Mar. 21, 2007) (unpublished) (citing *State v. Mathis*, 846 N.E.2d 1, 6 (Ohio 2006); *State v. Porterfield*, 829 N.E.2d 690, 691 (Ohio 2005) (syllabus)); *Cornell v. Jeffries*, No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (unpublished) (and numerous Ohio cases cited therein).

Here, no *Apprendi-Blakely-Booker* or *Foster* concerns are implicated because under Ohio law, no additional fact-finding was required for the imposition of petitioner's sentence in accordance with the joint recommendation contained in the parties' plea agreement. *Cf. Porterfield*, 829 N.E.2d at 694; *see also State v. Brown*, No. 05AP-375, 2006 WL 225524, at *3 (Ohio Ct. App. Jan. 31, 2006) (unpublished), *appeal dismissed*, 848 N.E.2d 859 (Ohio 2006); *State v. Ranta*, No. 84976, 2005 WL 1705744, at *3 (Ohio Ct. App. July 21, 2005)

14

App. P. 22(b).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be not taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 11/3/08

cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-860denypet.sol-blakely-foster.wpd

---

(unpublished). This Court has held in other analogous cases that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in ... *Foster* ... in light of *Blakely*." *Todd v. Wolfe*, No. 1:05cv737, 2007 WL 951616, at *5 (S.D. Ohio Mar. 28, 2007) (Spiegel, S.J.) (unpublished) (citing numerous Ohio appellate court decisions); *see also Chatman v. Wolfe*, No. 1:06cv280, 2007 WL 2852341, at *6 (S.D. Ohio Oct. 1, 2007) (Barrett, J.) (unpublished); *cf. Rockwell, supra,* 2007 WL 892985, at *7. *Cf. Warren v. Warden, Noble Corr. Instit.,* No. 1:06cv534, 2008 WL 1732976, at *5 (S.D. Ohio Apr. 10, 2008) (Barrett, J.) (unpublished); *Suttles v. Warden, Noble Corr. Instit.,* 1:06cv55, 2007 WL 2110498, at *10-11 (S.D. Ohio July 17, 2007) (Spiegel, S.J.) (unpublished); *but see Friley v. Wolfe*, No. 2:05cv396, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.) (unpublished). The undersigned is further persuaded by the line of federal circuit court cases rejecting the same claim raised by defendants challenging their federal agreed-to sentences under *Booker*. *See, e.g., United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005), *cert. denied,* 127 S.Ct. 197 (2006); *United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (and cases cited therein); *United States v. Cieslowski,* 410 F.3d 353, 363-64 (7th Cir. 2005), *cert. denied,* 546 U.S. 1097 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005).

15

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy J. Taylor,
    Petitioner,

                                        Case No. 1:07cv860
    v.                             (Spiegel, S.J.; Hogan, M.J.)

Warden, Ross Correctional
Institution,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Timothy J. Taylor<br>A345-705<br>Ross Corr. Inst.<br>PO Box 7010<br>Chillicothe, OH 45601 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0000 8134 9779 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv860 Doc. 15