TIMOTHY J. TAYLOR,                :
       Petitioner,        :    NO. 1:07-cv-00860
                           :
                           :    **OPINION AND ORDER**
   v.                             :
                           :
                           :
WARDEN, ROSS CORRECTIONAL         :
INSTITUTION                      :
       Respondent.       :
                           :

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's habeas corpus petition be DENIED (doc. 15), and Petitioner's objections thereto (doc. 19). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

On August 8, 1996, Petitioner was indicted by the Highland County, Ohio, grand jury in a four-count indictment charging petitioner with (1) murder in violation of Ohio Revised Code § 2903.02(A); (2) abuse of a corpse in violation of Ohio Revised Code § 2927.01(B); (3) tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1); and (4) theft in violation of Ohio Rev. Code § 2913.02(A)(1) (doc. 13). Petitioner entered a guilty plea on January 17, 1997, to a reduced charge of involuntary manslaughter, as well as to Counts Two through Four (Id.). On February 25, 1997, Petitioner was sentenced to consecutive terms of imprisonment totaling sixteen (16) years, to be served

consecutively to an additional five (5) year prison sentence previously imposed in a separate case where petitioner entered a guilty plea to aggravated arson (doc. 13). Petitioner did not appeal his Highland County conviction or sentence until over nine years later, when on March, 17, 2006, he filed a <u>pro se</u> petition for post-conviction relief which the Highland County Common Pleas Court denied the petition without opinion (<u>Id</u>.) Petitioner timely appealed to the Ohio Court of Appeals where his appeal was dismissed for lack of jurisdiction because petitioner's post-conviction petition was not timely filed, and on August 29, 2007, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal as "not having any substantial constitutional question" (<u>Id</u>.).

Thereafter, on October 10, 2007, Petitioner brought this habeas corpus action, pursuant to 28 U.S.C. § 2254, to obtain relief from the sentence of incarceration he is currently serving (doc. 1). Petitioner pled five grounds for relief:

> GROUND ONE: Petitioner's sentence is unconstitutional as proven by rulings handed down in <u>Blakely</u> and <u>Foster</u>, which found portions of Ohio's sentencing statutes violated the VI and XIV Amendment's of the U.S. Constitution; the petitioner's sentence is void or voidable as in Ohio a statute is severed from the date of enactment, not from the date of the ruling in which the severance was ordered.

> GROUND TWO: Only concurrent sentences are authorized to be imposed upon petitioner under Ohio Revised Code. As the consecutive sentence statute violated <u>Blakely</u>, therefore violating due process under the XIV Amendment of the U.S. Constitution.

GROUND THREE: The Ohio Supreme Court's ruling in <u>Foster</u> is a substantive ruling and is therefore a retroactive ruling that applies to petitioner who was sentenced using statutes that were found to be unconstitutional.

GROUND FOUR: Post-Conviction relief was the appropriate and exclusive remedy by which to address petitioner's unconstitutional sentence once the time for appeal had expired.

GROUND FIVE: As petitioner has served over eleven (11) years, when the maximum concurrent sentence which could be imposed by the Ohio law is ten years upon him, petitioner is entitled to immediate release (doc. 1).

On November 3, 2008, after considering each of petitioner's arguments, the Magistrate Judge issued a Report and Recommendation, recommending that the petition be dismissed with prejudice (doc. 15). With respect to Grounds One, Two, Three and Five regarding petitioner's constitutional challenge of the consecutive sentences imposed by the Highland County Common Pleas Court in February 1997, the Magistrate Judge concluded that each is barred from review by the applicable One-Year Statute of Limitations set forth in 28 U.S.C. § 2244(d) (<u>Id</u>.). In support of this conclusion, the Magistrate Judge found that Petitioner agreed in advance of sentencing to the exact sentence imposed in this case and therefore, the factual predicate underlying Petitioner's claims was discoverable at the time Petitioner was consecutively sentenced (<u>Id</u>.). In addition, the Magistrate Judge stated that Petitioner's conviction and sentence were final in March 1997, years before the Supreme Court decided <u>Blakely v. Washington</u>, 542 U.S. 296 (2004),

-3-

in 2004, and <u>United States v. Booker</u>, 543 U.S. 220 (2005), in 2005, and that neither <u>Blakely</u> nor <u>Booker</u> may be applied "retroactively to cases on collateral review" (<u>Id</u>.).  Further, the Magistrate Judge concluded that "[P]etitioner cannot rely upon <u>Foster</u> to delay the limitations period under § 2244(d)(1)(C), because <u>Foster</u> was not decided by the United States Supreme Court" and because the Ohio Supreme Court limited the retroactive application of <u>Foster</u> to those cases still pending direct review (<u>Id</u>., citing <u>State v. Foster</u>, 845 N.E.2d 470, 499 (Ohio 2006)).  Therefore, because Petitioner did not file his state post-conviction petition until March 2006, nearly eight yearss after the statute of limitations ended on March 28, 1998, the Magistrate Judge found that Petitioner did not effectively toll the limitations period (<u>Id</u>.).

The Magistrate Judge further found that statute of limitations was not equitably tolled, as he made no showing of extraordinary circumstances that existed to prevent him from filing a timely federal habeas petition (<u>Id</u>.).  The Magistrate Judge concluded that Ground's One, Two, Three, and Five of the petition are time-barred (<u>Id</u>.).

The Magistrate Judge next considered Ground Four of the petition, in which Petitioner alleged that by denying his petition for post-conviction relief, filed on March 17, 2006, the state courts improperly refused to consider his <u>Foster</u> claim (doc. 1). While concluding that this ground was not time-barred, the

Magistrate Judge found that Petitioner is not entitled to habeas relief based on this claim because the Writ of Habeas Corpus is an improper means by which a prisoner can challenge state post-conviction proceedings addressing "collateral matters and not the underlying conviction giving rise to the prisoner's incarceration" (doc. 15).

Petitioner objects to the Magistrate's Report and Recommendation, primarily asserting that his consecutively imposed sentence was unconstitutional in light of the Ohio Supreme Court's decision in _Foster_ and that the law mandates that he receive a concurrent sentence (doc. 19). Petitioner essentially re-argues Ground Two of his habeas petition contending that the Court's opinion in _Foster_ be retroactively applied to his consecutively imposed sentence because of that Court's severance of the R.C. 2929.14(E)(4) from Ohio sentencing law (_Id_.).

In response, Respondent adopts the Magistrate Judge's opinion contending that _Foster's_ holding does not apply to cases on collateral review and cannot, therefore, be used to retroactively toll the staute of limitations (doc. 20). Respondent further argues that even if Petitioner had filed his habeas petition before the statute of limitations period, his sentence did not violate his due process rights because the imposition of consecutive sentences do not violate _Foster_ "when the decision is grounded in the still-valid purposes of sentencing under R.C. 2929.11" (_Id_.). As support

for this contention, respondent cites <u>State v. Bates</u>, 118 Ohio St.3d 174 (Ohio 2008), where the Ohio Supreme Court confirmed, as acceptable, imposing consecutive sentences based on the now relevant precedent of common law (<u>Id</u>.). Respondent concludes that Petitioner's due process rights were not violated because consecutive sentences may be imposed as a matter of common law (<u>Id</u>.).

The Court finds Petitioner's objections without merit. The Magistrate Judge correctly noted that the <u>Foster</u> opinion cannot be retroactively applied to Petitioner's sentence, as the Ohio Supreme Court "expressly limited the retroactive application of <u>Foster</u> to those cases still pending on direct review" (doc. 15). In addition, because <u>Foster</u> was not decided by the United States Supreme Court, Petitioner cannot use it to delay the limitations period granted under 28 U.S.C. 2244(d)(1). Therefore, the appeal period expired in this case nearly nine years before <u>Foster</u> was decided (<u>Id</u>.).

Having reviewed this matter <u>de novo</u> pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 15), and thus DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 1), and DISMISSES this case from its docket. Further, the Court DECLINES to issue a certificate of appealability as to Ground Four of the petition because Petitioner has failed to show that he has stated

"a viable claim of the denial of a constitutional right; or that the issues presented are adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 475 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 & n.4 (1983)). The Court also DECLINES to issue a certificate of appealabilty as to Grounds One through Three and Five of the petition because "jurists of reason" would not "find it debatable whether this [C]ourt is correct in its procedural ruling" or whether the time barred grounds for relief state a "viable claim of the denial of a constitutional right" because <u>Foster</u> nor <u>Blakely</u> are retroactively applicable to the case-at-hand. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Finally, pursuant to 28 U.S.C. § 1915(a)(3), this Court CERTIFIES that any appeal of this Order will not be taken in good faith, and any application to appeal <u>in forma pauperis</u> will be denied.


    SO ORDERED.


Dated: February 10, 2009      /s/ S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge